**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

v.                                          No. 09-7561

JAMES RODERCK BROWN, a/k/a JB,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(1:04-cr-00087-IMK-1)

Argued: September 21, 2010

Decided: August 9, 2011

Before WILKINSON, SHEDD, and DUNCAN,
Circuit Judges.

Reversed by published opinion. Judge Shedd wrote the opinion in which Judge Wilkinson and Judge Duncan joined.

**COUNSEL**

**ARGUED:** Shawn Angus Morgan, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellant. Brian Joseph Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellee. **ON**

**BRIEF**: Sharon L. Potter, United States Attorney, Wheeling, West Virginia, for Appellee.

---

## OPINION

SHEDD, Circuit Judge:

The United States appeals the district court's grant of James Brown's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). The Government argues that the district court lacked the authority to grant such relief because Brown's sentence was not "based on" a sentencing range that was subsequently lowered but, rather, on his plea agreement entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In light of the Supreme Court's recent opinion, *Freeman v. United States*, 564 U.S. ___ (2011), we agree with the Government and reverse the order of the district court.

### I.

On January 21, 2005, Brown pled guilty to maintaining a place at his residence for the purpose of manufacturing, distributing, and using cocaine base, also known as crack, in violation of 21 U.S.C. § 856(a)(1). Brown entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement provides that:

> The United States and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that *the appropriate sentence in this case is incarceration for not less than 180 months and not more than 240 months*. The defendant understands that should the Court, after consideration of the circumstances surrounding this case, accept this plea agreement that the Court will not have the discretion to sentence him to less than 180 months. This agree-

ment is made by the government in consideration of the defendant's plea of guilty thereby relieving the government of its burden of proof on Count Two. This agreement is made by the defendant in consideration of the government's declination to pursue a mandatory life sentence on Count One under the provisions of Title 21, United States Code, §§ 841(b)(1) and 851(a).

(J.A. 18 (emphasis added).) On June 9, 2005, after reviewing the applicable Sentencing Guidelines range, the district court sentenced Brown to a 210 month term of imprisonment in accordance with the terms of the plea agreement.

On May 22, 2009, Brown filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's 2007 retroactive crack cocaine amendments. The district court granted Brown's motion and reduced his sentence to 180 months. The Government appealed, contending that the district court lacked the authority to modify Brown's sentence entered under a Rule 11(c)(1)(C) plea agreement. Following oral argument, the Supreme Court granted certiorari in *Freeman v. United States*, 564 U.S. ___ (2011), to answer this same question, and we held our opinion in abeyance pending the Supreme Court decision.

## II.

A district court has the authority to reduce a previously imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). At issue in this case is whether a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" a sentencing range. A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposi-

tion of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed. R. Crim. P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id.*

In *Freeman*, the Supreme Court faced the same question presented here and responded by delivering a fractured opinion. A plurality of the Court concluded that a district court can always grant § 3582(c)(2) relief to a defendant who enters into a Rule 11(c)(1)(C) plea agreement. In contrast, a four-Justice dissent determined that a district court can never grant § 3582(c)(2) relief to such defendants because their sentences are based, not on a sentencing range, but on their plea agreements. Finally, in a concurring opinion, Justice Sotomayor decided that district courts can sometimes grant § 3582(c)(2) relief to a defendant who enters a Rule 11(c)(1)(C) plea agreement.

Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement and, therefore, § 3582(c)(2) relief is usually not available. The fact that a judge may consult the Sentencing Guidelines when deciding whether to accept a Rule 11(c)(1)(C) plea agreement is irrelevant. "[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the district court, however, is not 'based on' those background negotiations; instead . . . it is based on the binding agreement produced by those negotiations." *Freeman*, slip op. at 5 (Sotomayor, J., concurring)(internal citations omitted). However, Justice Sotomayor established an exception to this general rule — where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range. This limited exception is defined as follows:

> [I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to

establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).

*Freeman*, slip op. at 1 (Sotomayor, J., concurring). Under the fragmented opinion, Justice Sotomayor's rationale becomes the Court's holding.[1]

## III.

Applying Justice Sotomayor's test, we believe the district court lacked the authority to grant Brown § 3582 relief. Brown's Rule 11(c)(1)(C) plea agreement does not expressly use a Guidelines sentencing range to establish his term of imprisonment.[2] His plea agreement simply states that "the appropriate sentence in this case is incarceration for not less than 180 months and not more than 240 months." (J.A. 18.) The fact that the district court consulted the Guidelines in establishing Brown's specific sentence is irrelevant. *See Freeman*, slip op.

---

[1]"It is well established, under *Marks v. United States*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977), that when a decision of the Court lacks a majority opinion, the opinion of the Justices concurring in the judgment on the 'narrowest grounds' is to be regarded as the Court's holding." *A.T. Massey Coal Co. v. Massanari*, 305 F.3d 226, 236 (4th Cir. 2002). In our view, under the *Marks* rule, Justice Sotomayor's concurrence is the Court's holding in *Freeman* because it is the narrowest opinion that "embodies a position implicitly approved by at least five Justices who support the judgment." *Id.* Every Justice who joined in the plurality opinion would agree with Justice Sotomayor that "when a (C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, slip op. at 6 (Sotomayor, J., concurring).

[2]In contrast, the relevant plea agreement in *Freeman* explicitly calculated the applicable Guidelines range and states that "[Freeman] agrees to have his sentence determined pursuant to the Sentencing Guidelines." *Freeman*, slip op. at 4.

at 5 (Sotomayor, J., concurring). Therefore, Brown's plea agreement does not satisfy the limited exception recognized in Justice Sotomayor's concurrence. Consequently, the plea agreement itself "is the foundation for the term of imprisonment" imposed, and the district court lacked the authority under § 3582(c)(2) to grant Brown's motion for a reduced sentence. *Freeman*, slip op. at 2 (Sotomayor, J., concurring).

IV.

For the foregoing reasons, we reverse the district court's order granting Brown's motion for a reduced sentence.

*REVERSED*