United States v. Robert King          07-CR-260-SM   10/23/11

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
     Government

     v.                                    Case No. 07-cr-260-1-SM
                                           Opinion No. 2011 DNH 179
Robert King,
     Defendant


O R D E R


Defendant, Robert King, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's retroactive amendment of the "crack" cocaine guidelines.  United States Sentencing Guidelines, Amendment 750 (Parts A and C), effective November 1, 2011.


Defendant pled guilty to possession, with the intent to distribute, the controlled substance cocaine base, or "crack" cocaine, in violation of 21 U.S.C. § 841(a).  Consistently with his "binding" plea agreement under Fed. R. Cr. P. 11(c)(1)(C), defendant was sentenced to seven years of imprisonment.  The plea agreement not only called for the imposition of a seven year sentence, but also provided that:

> Both parties agree to, and waive any objections to, any upward or downward departures under the advisory U.S. Sentencing Guidelines and any findings or rulings under 18 U.S.C. § 3553 to facilitate or support the above stipulated sentence.

The agreed upon sentence, defense counsel explained, was the product of a "global agreement that he's going to get a sentence of 84 months total." Sentencing Transcript (document no. 20), at 3. The stipulated sentence was intended to resolve both the charged criminal offense (seven years), and a separate supervised release revocation charge (24 months to be served concurrently) at a total punishment level substantially below that which otherwise would have been imposed had the government elected to charge defendant with conspiracy to distribute controlled substances, and filed a notice of prior conviction under the provisions of 21 U.S.C. § 851 (<u>i.e.</u>, triggering a mandatory minimum 10 year term of imprisonment, and a potential 24 month <u>consecutive</u> sentence on the supervised release violation). As defense counsel explained:

> Where we are is that I had — this was Mr.
> Laplante's case initially, and there was a substantial
> amount of negotiation concerning charging my client
> with conspiracy and an 851 notice which would have
> resulted in a ten year minimum mandatory and
> essentially this agreement reflects the fact that that
> was not done.
>
> *   *   *
>
> We have a global agreement that he's going to get
> a sentence of 84 months total.
>
> *   *   *
>
> So the question is how did we arrive at that.
> There was never really any specific delineation of
> exactly how that was going to be accomplished with
> respect to what sentence you're going to get on the

2

violation and what sentence you're going to get on the
new offense.

* * *

Sentencing Transcript at 3.

> The Court: I suppose the argument — the contrary
> argument would be, yes, but you're doing that
> [accepting a 7 year sentence and concurrent 24-month
> supervised release violation sentence] because the gun
> charge was dropped that related to the mandatory
> minimum.
>
> Defense Counsel: No. The conspiracy. They never
> charged him with conspiracy. If they charged him with
> —
>
> The Court: You've had a count dropped in order to
> avoid a mandatory minimum of ten.
>
> Defense Counsel: Well, they never — right. That's the
> benefit my client gets. Obviously, if it wasn't for
> that, I would be crazy to have my client agree to this.
> But we've been trying to get less, obviously. But it
> was either, you know, you can plea to this or we'll
> charge you with conspiracy. So there is some benefit
> here. Not as much as I would have hoped.

Id. at 5-6.

A previously imposed term of imprisonment can be reduced "in
the case of a defendant who has been sentenced . . . based on a
sentencing range that has subsequently been lowered by the
Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Defendant
says that his sentence was "based on" a sentencing range
subsequently lowered by the Commission. The government counters
that his sentence was not based upon a reduced range at all, but
upon a binding agreement that itself was based upon the then

3

applicable statutory mandatory minimum ten-year sentence defendant would have been exposed to absent the plea agreement.

Whether a sentence imposed pursuant to, or consistently with, a Rule 11(c)(1)(C) plea agreement is "based on" a guideline sentencing range later reduced by the Commission (so eligible for reduction under § 3582(c)(2)), is a question that has divided the Supreme Court. In <u>Freeman v. United States</u>, 564 U.S. ___, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), a plurality concluded that § 3582(c)(2) relief can always be granted to a defendant sentenced consistently with a Rule 11(c)(1)(C) agreement. Four justices dissented on grounds that sentences imposed pursuant to Rule 11(c)(1)(C) agreements are not "based on" a guideline sentencing range, but on the binding plea agreement, so are not eligible for reduction under § 3582(c)(2). In her controlling concurring opinion, Justice Sotomayor concluded that while, normally, § 3582(c)(2) relief is not available to defendants sentenced consistently with a Rule 11(c)(1)(C) agreement, because such sentences are usually based on the <u>agreement</u>, still, there is:

> an exception[1] to this general rule — where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range. This limited exception is defined as follows:

---

[1] Justice Sotomayor's concurring opinion determined the holding in <u>Freeman</u>. <u>See</u> <u>Marks v. United States</u>, 430 U.S. 188 (1977); <u>Brown</u>, 653 F.3d at 340 n.1.

4

> [I]f a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).

United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (quoting Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring)).

Applying Freeman here, defendant is not entitled to sentence relief under Section 3582(c)(2) because the sentence imposed in his case was based upon the Rule 11(c)(1)(C) plea agreement and not on a guidelines sentencing range later lowered by the Commission. Defendant faced a very realistic (near certain) exposure to a ten year statutory mandatory minimum sentence and, potentially, an additional 24-month consecutive sentence. He agreed to a binding agreement for a seven year sentence for obvious reasons — seven is less than ten, and twelve. Seven years was not a sentence derived from a Guidelines analysis, or application, but from a negotiation informed by the inevitability of a statutory mandatory minimum ten-year sentence if the government charged him with conspiracy and gave notice of his prior convictions.

The plea agreement does not expressly use a Guidelines sentencing range applicable to the charged offense to establish the agreed-upon term of imprisonment. Rather, it posits the seven year sentence, and then provides that both parties waive objections to whatever upward or downward guideline departures, or findings or rulings under 18 U.S.C. § 3553 (i.e., variant sentencing factors), might prove useful to "facilitate" or "support" imposition of the seven years. The agreement makes clear that the stipulated sentence was completely untethered from the Guidelines, and to the extent a Guidelines analysis, or a variant sentence analysis under § 3553(a) was thought necessary to facilitate or support imposition of that sentence, the parties committed to go along.

Defense counsel's representations at sentencing also made clear that the Rule 11(c)(1)(C) agreement was not the product of a Guidelines analysis, or applicable sentencing range, but reflected a negotiated term that was strictly a function of the potential statutory mandatory minimum to which defendant was exposed. That is, the seven year term reflects little more than the number below ten years that the prosecutor was willing to accept in exchange for defendant's guilty pleas.

## Conclusion

Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 28, 2011

cc:  Donald A. Feith, AUSA
     Jennifer C. Davis, AUSA
     Jonathan R. Saxe, Esq.