**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6139**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

LORMAN ORLANDO SCOTT, JR., a/k/a Brian Terrell McCants,

                   Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, Senior
District Judge. (6:01-cr-70038-NKM-1)

Submitted:  May 1, 2012                     Decided:  May 9, 2012

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lorman Orlando Scott, Jr., Appellant Pro Se.  Anthony Paul
Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorman Orlando Scott, Jr., appeals the district court's order denying his motion to reconsider its previous denial of his motion for a sentence reduction under 18 U.S.C. § 3582 (2006). We affirm the district court's order.

In 2001, Scott pled guilty to drug and firearm offenses and was sentenced to 156 months' imprisonment pursuant to a Fed. R. Crim. P. 11(e)(1)(C) plea agreement.[1] Scott did not appeal his conviction or sentence. In 2008, the district court granted Scott's first motion under § 3582(c)(2) for a sentence reduction pursuant to Amendment 706 of the Guidelines and reduced Scott's sentence to 125 months' imprisonment. In 2011, Scott filed a second motion under § 3582 requesting relief pursuant to Amendment 750 of the Sentencing Guidelines. The district court denied the motion. Scott filed a motion for reconsideration of that order, which the district court also denied.

We review an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004); United States v. Turner, 59 F.3d 481, 483 (4th Cir. 1995). Under § 3582(c)(2), "a defendant who

---

[1] Rule 11(e)(1)(C) was redesignated as Rule 11(c)(1)(C) in the 2002 amendments to Rule 11.

has been sentenced to a term of imprisonment based on a [Guidelines] range that has subsequently been lowered" and made retroactive is generally eligible for a sentence reduction at the discretion of the district court. Because Scott's sentence was imposed pursuant to a Rule 11(e)(1)(C) plea agreement and not as a result of the applicable Guidelines range, the district court lacked discretion to reduce Scott's sentence pursuant to an amendment to the Guidelines. See United States v. Brown, 653 F.3d 337, 340 (4th Cir.), cert. denied, 132 S. Ct. 1003 (2012). The district court therefore properly denied Scott's motion to reconsider.[2]

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] We note that the district court did not have authority to grant the motion in any event, because a motion to reconsider is not a proper vehicle to seek review of a ruling on a § 3582 motion. United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010).