**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4688**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

BYRON DAVID PAIGE,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-02158-RBH-1)

Submitted: February 15, 2013        Decided:  March 28, 2013

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron David Paige appeals the district court's judgment imposing a sentence of 120 months in prison after he pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2006). The parties agreed that a sentence of 120 months in prison was the appropriate disposition of the case pursuant to Fed. R. Crim. P. 11(c)(1)(C), and the district court accepted the agreement. Paige's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal but raising the issues of whether this Court has jurisdiction to consider his appeal of the stipulated sentence, and whether his sentence was imposed in violation of the law or as a result of an incorrect application of the Sentencing Guidelines. Paige was notified of his right to file a pro se supplemental brief but has not done so. We dismiss in part and affirm in part.

Pursuant to 18 U.S.C. § 3742(a), (c) (2006), "[w]here a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). "Otherwise, the Court lacks jurisdiction

2

over the appeal." Id. Here, the district court imposed the specific sentence to which Paige agreed, and the sentence did not exceed the statutory maximum. Moreover, it could not have been imposed as a result of an incorrect application of the Guidelines because it was based on the parties' Rule 11(c)(1)(C) agreement and not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). We therefore dismiss Paige's appeal to the extent that he challenges the stipulated sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before this Court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>