**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4888**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

BRIAN MCNAIR,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence. R. Bryan Harwell, District Judge.
(4:11-cr-02342-RBH-1)

─────────────

Submitted: May 13, 2013           Decided: May 16, 2013

─────────────

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────────

John M. Ervin, III, LAW OFFICES OF JOHN M. ERVIN, III,
Darlington, South Carolina, for Appellant. Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian McNair pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 at McNair's change of plea hearing and whether his sentence is reasonable. McNair filed a pro se supplemental brief arguing that the Double Jeopardy Clause of the Fifth Amendment bars his federal prosecution. Finding no error, we dismiss in part and affirm in part.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2), (3). Upon review of the record, we

2

conclude that the district court complied with Rule 11's requirements.

McNair contends that his federal prosecution is unlawful because he had served a state sentence for the same conduct. The Double Jeopardy Clause of the Fifth Amendment protects a defendant against "the imposition of cumulative punishments for the same offense in a single criminal trial" and "being subjected to successive prosecutions for the same offense." United States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005) (internal quotation marks and emphasis omitted). However, the dual or separate sovereigns doctrine permits a federal prosecution after a state prosecution for the same offense. Heath v. Alabama, 474 U.S. 82, 89 (1985); see also United States v. Christmas, 222 F.3d 141, 145 (4th Cir. 2000) (citing Abbate v. United States, 359 U.S. 187 (1959)). We conclude that McNair's case is firmly within the dual sovereign exception. Thus, we affirm McNair's conviction.

Turning to McNair's sentence, we note that McNair and the Government stipulated to a sentence as provided by Fed. R. Crim. P. 11(c)(1)(C). Pursuant to 18 U.S.C. § 3742(a), (c) (2006), "[w]here a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the

sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). "Otherwise, the Court lacks jurisdiction over the appeal." Id. Here, the district court imposed the specific sentence to which McNair agreed, and the sentence did not exceed the statutory maximum. Moreover, it could not have been imposed as a result of an incorrect application of the Guidelines because it was based on the parties' Rule 11(c)(1)(C) agreement and not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). We therefore dismiss McNair's appeal to the extent that he challenges the stipulated sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McNair's conviction, and dismiss McNair's appeal to the extent he challenges his sentence. This court requires that counsel inform McNair, in writing, of the right to petition the Supreme Court of the United States for further review. If McNair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNair.

4

Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART