**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4107**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MATTHEW THOMAS HODGSON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Ellen  L.  Hollander, District  Judge.
(1:11-cr-00212-ELH-1)

Submitted:  September 30, 2013        Decided:  October 8, 2013

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed  in  part;  dismissed  in  part  by  unpublished  per  curiam
opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, P.C., Fairfax, Virginia,
for Appellant.  Michael Clayton Hanlon, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Thomas Hodgson pled guilty, pursuant to a written plea agreement, to one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The parties agreed that a sentence of seventy-eight months in prison was the appropriate disposition of the case, and the district court accepted the agreement.

Hodgson now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning the sentence. Counsel concedes, however, that Hodgson waived his right to appeal this issue. Hodgson was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has moved to dismiss Hodgson's appeal of his sentence based on his waiver of appellate rights. We dismiss in part and affirm in part.

In the absence of circumstances not present here, when a defendant agrees to and receives a particular sentence, he generally may not appeal his sentence. Cf. 18 U.S.C. § 3742(a), (c) (2006); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Here, the district court imposed the specific sentence to which Hodgson agreed, and the sentence did not exceed the statutory maximum. Moreover, it was not imposed as a result of an incorrect application of the Sentencing Guidelines

2

because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Additionally, Hodgson waived his right to appeal the issue he seeks to raise. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We therefore grant the Government's motion to dismiss Hodgson's appeal to the extent that he challenges his sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hodgson's conviction, grant the Government's motion to dismiss the appeal of the sentence and dismiss the appeal of the sentence. Additionally, we grant the motions to seal, deny as moot the motion to stay the briefing order, and deny Hodgson's counsel's request to withdraw.

This court requires that counsel inform Hodgson, in writing, of the right to petition the Supreme Court of the United States for further review. If Hodgson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hodgson. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>DISMISSED IN PART