**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4387**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

HUBERT DOWNER, a/k/a Doc,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge. (1:11-cr-00050-WDQ-2)

Submitted: December 26, 2013     Decided: January 15, 2014

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Appellate
Attorney, Greenbelt, Maryland, for Appellant.  Peter Marshall
Nothstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hubert Thompson Downer pled guilty, pursuant to a written plea agreement, to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (2012). The parties agreed that a sentence of between 180 and 300 months in prison was the appropriate disposition of the case, and the district court sentenced Downer to 240 months' imprisonment, at the mid-point of the stipulated range.

Downer appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal. Counsel concedes that Downer waived his right to appeal. Downer was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has moved to dismiss Downer's appeal based on his waiver of appellate rights. We dismiss in part and affirm in part.

In the absence of circumstances not present here, when a defendant agrees to and receives a particular sentence, he generally may not appeal his sentence. 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Here, the district court imposed a sentence within the specific range to which Downer agreed, and the sentence did not exceed the statutory maximum. Moreover, it was not imposed as a result of an incorrect application of the Sentencing Guidelines

2

because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011), cert. denied, 132 S. Ct. 1003 (2012); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Additionally, Downer waived his right to appeal any issues regarding his sentence. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We therefore grant the Government's motion to dismiss Downer's appeal to the extent that he challenges his sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Downer's conviction, grant the Government's motion to dismiss the appeal of the sentence and dismiss the appeal of the sentence. Additionally, we deny as moot the Government's motion to stay the briefing schedule.

This court requires that counsel inform Downer, in writing, of the right to petition the Supreme Court of the United States for further review. If Downer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Downer. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>