**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4115**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DYLAN SHANE JOHNSON,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00669-RBH-4)

———————————

Submitted:  July 18, 2014          Decided:  July 24, 2014

———————————

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————————

Edye U. Moran, MORAN LAW OFFICES, Columbia, South Carolina, for
Appellant.  Arthur Bradley Parham, Esq., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Dylan Shane Johnson pled guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Johnson negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, in which the parties stipulated that a 108-month sentence was appropriate. The district court accepted the sentencing stipulation and sentenced Johnson to 108 months in prison.

Johnson appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 but conceding that there was full compliance with the Rule. Counsel also questions whether this Court has jurisdiction to review Johnson's sentence and concludes that it does not. Johnson was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm in part and dismiss in part.

Our review of the transcript of Johnson's Rule 11 transcript reveals that the district court complied with the Rule, the plea was knowingly and voluntarily entered, and Johnson conceded his guilt. Accordingly, we affirm his conviction.

2

We agree with counsel for Johnson that we lack jurisdiction to review Johnson's sentence. The statute governing appellate review of a sentence limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005); see 18 U.S.C. § 3742(a), (c) (2012). None of the exceptions applies here. Johnson's sentence is below the statutory maximum of life in prison. See 21 U.S.C. § 841(b)(1)(A). Further, the sentence was not imposed as a result of incorrect application of the Sentencing Guidelines because it was based on the parties' agreement—not on the district court's calculation of the Guidelines range. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Finally, 108 months is the exact sentence set forth in the plea agreement. Accordingly, we conclude that review of Johnson's stipulated sentence is precluded.

Pursuant to Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction but dismiss the appeal of

3

his sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

4