**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4071**

―――――――――

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

          v.

ROBERT EARL GOINS, a/k/a Robert Earl,

               Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00669-RBH-3)

―――――――――

Submitted:  August 11, 2014          Decided:  August 18, 2014

―――――――――

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

―――――――――

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

―――――――――

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Arthur Bradley Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Robert Earl Goins pled guilty to conspiracy to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Goins negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, in which the parties stipulated that a 132-month sentence was appropriate. The district court accepted the sentencing stipulation and sentenced Goins to 132 months in prison.

Goins appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence was reasonable. Goins has filed a pro se supplemental brief raising an additional issue. We affirm in part and dismiss in part.

Our review of the transcript of Goins' Rule 11 transcript reveals that the district court complied with the Rule, that the plea was knowingly and voluntarily entered, and that Goins conceded his guilt. Accordingly, we affirm his conviction.

We lack jurisdiction to review Goins' sentence. A defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement only if his sentence "was (1) imposed in violation of the law, (2) [was] imposed as a result of an

2

incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005); see 18 U.S.C. § 3742(a), (c) (2012). None of the exceptions applies here. Goins' sentence is below the statutory maximum of twenty years. See 21 U.S.C. § 841(b)(1)(C). Further, the sentence was not imposed as a result of an incorrect application of the Guidelines because it was based on the parties' agreement rather than on the district court's calculation of the Guidelines range. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Finally, 132 months is the exact sentence set forth in the plea agreement. Accordingly, we conclude that we may not review Goins' stipulated sentence.[*]

Pursuant to Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Goins' conviction but dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the

_____

[*] Because Goins' sentence was based on the agreement and not the Guidelines, we decline to address his contention in the pro se brief that he was improperly determined to be a career offender. We note, however, that he had more than enough criminal history points to place him in criminal history category VI.

3

United States for further review. If Goins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4