**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4589**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CEPHUS MITCHELL, a/k/a C 4, a/k/a Lil C,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:11-cr-00472-PMD-18)

─────────────

Submitted: August 21, 2014         Decided: August 25, 2014

─────────────

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

─────────────

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

─────────────

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cephus Mitchell pled guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to: conspiring to possess with intent to distribute and to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012), and conspiring to use or maintain various places for the purpose of manufacturing and distributing controlled substances, in violation of 21 U.S.C. § 856(a)(1) (2012) (Count One); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime and a crime of violence, and aiding and abetting the same, during which the firearm was discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (2012) (Count Eleven); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence and a drug trafficking crime, causing the death of a person through the use of the firearm in such a manner to constitute murder, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1), 2 (2012) (Count Thirteen). The district court imposed a total term of 396 months' imprisonment, the top of the 240 to 396 month range to which the parties stipulated in the plea agreement. Mitchell appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the court erred in imposing Mitchell's sentence. Mitchell was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to Rule 11(c)(1)(C) may not appeal that sentence. 18 U.S.C. § 3742(a) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). In this case, the district court imposed a sentence within the stipulated range and the sentence did not exceed the statutory maximum. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Review of Mitchell's sentence is thus precluded by 18 U.S.C. § 3742(c).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court with respect to Mitchell's convictions and we dismiss the appeal with respect to Mitchell's sentence. We remand to the district court

with instructions to correct the judgment, pursuant to Fed. R. Crim. P. 36, to reflect that the statutes of conviction for Count One are 21 U.S.C. §§ 841(b)(1)(C), 846, 856(a)(1), for Count Eleven are 18 U.S.C. §§ 924(c)(1)(A)(iii), 2, and for Count Thirteen are 18 U.S.C. § 924(c)(1), (j)(1), 2.

This court requires that counsel inform Mitchell, in writing, of the right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mitchell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED</u>

4