**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4901**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH ATTA ANIAGYEI,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:13-cr-00020-RWT-1)

_____

Submitted:  September 25, 2014    Decided:  September 29, 2014

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Bruce A. Johnson, Jr., LAW OFFICE OF BRUCE A. JOHNSON, JR., LLC, Bowie, Maryland, for Appellant.  Paul Nitze, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to his written plea agreement, Joseph Atta Aniagyei pled guilty to misusing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2012). Aniagyei had negotiated an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties stipulated that an eleven-month sentence was appropriate. After reviewing the presentence report, the court accepted the plea and imposed the stipulated sentence. This appeal timely followed.

Aniagyei's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious appellate issues but suggesting that Aniagyei's plea was not knowingly entered. Although advised of his right to do so, Aniagyei has not filed a supplemental brief. The Government has not filed a response. Finding no error, we affirm in part and dismiss in part.

Where, as here, a defendant has not moved to withdraw his guilty plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). The record reflects that the district court fully complied with the mandates of Rule 11, ensuring that Aniagyei's guilty plea was knowing and voluntary and supported by an independent basis in fact. We therefore affirm Aniagyei's conviction.

To the extent that this Anders appeal would require us to review Aniagyei's sentence, we note that it was imposed pursuant to a Rule 11(c)(1)(C) plea agreement. As the Tenth Circuit has explained, the federal statute governing appellate review of a sentence, see 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of these exceptions apply here. Aniagyei's sentence was less than the applicable statutory maximum of five years' imprisonment, see 42 U.S.C. § 408(a) (2012), and was precisely what he and the Government agreed was appropriate. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement — not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339–40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, review of Aniagyei's sentence is precluded by § 3742(c)(1).

3

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Aniagyei's conviction and dismiss this appeal as to his sentence. This court requires that counsel inform Aniagyei, in writing, of his right to petition the Supreme Court of the United States for further review. If Aniagyei requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aniagyei. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>