**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4309**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LECO HARRELL,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:13-cr-00651-WDQ-2)

———————

Submitted:  November 20, 2014      Decided:  November 24, 2014

———————

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

———————

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore,
Maryland, for Appellant.  Clinton Jacob Fuchs, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Leco Harrell pled guilty to two counts of using a communication facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (2012). Harrell had negotiated an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties stipulated that a sixty-month sentence was appropriate. The district court accepted the plea agreement and sentenced Harrell to sixty months in prison—thirty months on each count, to be served consecutively. This appeal timely followed.

Harrell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues but seeking review of the conviction and sentence. Although advised of his right to do so, Harrell has not filed a pro se supplemental brief. The Government has not filed a response. Finding no error, we affirm in part and dismiss in part.

Where, as here, a defendant has not moved in the district court to withdraw his guilty plea, we review his plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Harrell must establish "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Heyer, 740 F.3d 284, 290 (4th Cir. 2014). Our

2

review of the record confirms that the district court complied with the mandates of Fed. R. Crim. P. 11, ensuring that Harrell was competent to plead guilty and that his guilty plea was knowing, voluntary, and supported by an independent basis in fact. We therefore affirm Harrell's convictions.

Further, we conclude that we lack jurisdiction to review Harrell's sentence. As the Tenth Circuit has explained, the federal statute governing appellate review of a sentence, see 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a stipulated sentence in a Rule 11(c)(1)(C) plea agreement to claims that his sentence was imposed in violation of the law or as a result of an erroneous application of the Guidelines, or that it exceeds the sentence set forth in the plea agreement. United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of these exceptions apply here. Harrell's sentence on each count was less than the applicable statutory maximum of four years. See 21 U.S.C. § 843(d)(1) (2012). The sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement – not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Finally, sixty months is the exact sentence set forth in the plea agreement.

Accordingly, review of Harrell's sentence is precluded by § 3742(c)(1).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Harrell's convictions and dismiss this appeal as to his sentence. This court requires that counsel inform Harrell, in writing, of his right to petition the Supreme Court of the United States for further review. If Harrell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>