**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4461**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY JOHN MILLS, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Timothy M. Cain, District
Judge.  (7:12-cr-00715-TMC-2)

———————

Submitted:  December 16, 2014        Decided:  December 18, 2014

———————

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

———————

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South
Carolina, for Appellant.  David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy John Mills, Jr., pled guilty pursuant to an oral plea agreement to three counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (2012). Mills negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, in which the parties stipulated that concurrent sentences of one year and one day would be appropriate. The district court accepted the plea and imposed the stipulated sentences. This appeal timely followed.

Mills's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious appellate issues but citing the validity of the guilty plea and the reasonableness of the sentence. Although advised of his right to do so, Mills has not filed a pro se supplemental brief. The Government has declined to file a response brief. Finding no error, we affirm in part and dismiss in part.

Where, as here, a defendant has not moved to withdraw his guilty plea, we review his plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record confirms that the district court complied with the mandates of Rule 11, ensuring that Mills was competent to plead guilty and that his guilty plea was knowing,

2

voluntary, and supported by an independent basis in fact. We therefore affirm Mills's convictions.

Further, we agree with counsel that Mills's sentence is not reviewable. Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to Rule 11(c)(1)(C) may not appeal that sentence. See 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of the exceptions to this rule apply here. Mills's sentence was less than the applicable statutory maximum of twenty years' imprisonment, see 18 U.S.C. § 1343, and was precisely what he and the Government agreed was appropriate. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties agreement — not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, we conclude that review of Mills's sentence is precluded by § 3742(c)(1).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Mills's conviction and dismiss the appeal as to his sentence. This court requires that counsel inform Mills, in writing, of the right to petition the Supreme Court of the United States for further review. If Mills requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mills.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART