**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4442**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

DAVID MICHAEL HODGES,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:13-cr-00320-CCE-1)

---

Submitted:  January 22, 2015        Decided:  January 26, 2015

---

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Michael Hodges pled guilty in accordance with a written plea agreement to possession of child pornography after a prior conviction involving child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). The parties entered into an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which stipulated that a sentence of 120 months' imprisonment would be appropriate. After reviewing the presentence report, the district court accepted the plea agreement and imposed the stipulated sentence.

On appeal, Hodges's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious appellate issues, but challenging the sentence's reasonableness. Hodges filed a pro se supplemental brief, in which he demands, as a sovereign citizen, that he be released and his record expunged. The United States moves to dismiss for lack of jurisdiction, and Hodges does not oppose the motion. We dismiss in part and affirm in part.

Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to a Rule 11(c)(1)(C) agreement may not appeal that sentence. See 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of the exceptions to this rule applies here. Hodges's sentence was less than the

2

applicable statutory maximum of twenty years' imprisonment, see 18 U.S.C. § 2252A(b)(1), and was precisely what he and the Government agreed was appropriate. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement rather than the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011). Accordingly, we conclude that review of Hodges's sentence is precluded by § 3742(c)(1), and we grant the motion to dismiss the appeal as to Hodge's sentence.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Hodges's conviction. This court requires that counsel inform Hodges, in writing, of the right to petition the Supreme Court of the United States for further review. If Hodges requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hodges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART