**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6397**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

GERALD ANDY TIMMONS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-00373-RBH-1)

_____

Submitted:  May 11, 2016           Decided:  May 20, 2016

_____

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gerald Andy Timmons, Appellant Pro Se. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Andy Timmons pled guilty in accordance with a written plea agreement to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine and base and five kilograms or more of cocaine. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated in the agreement that the appropriate disposition was 87 months in prison. The court imposed the agreed-upon sentence of 87 months. Timmons did not appeal.

Timmons filed an 18 U.S.C. § 3582(c)(2) (2012) motion for reduction of sentence, seeking to benefit from Amendment 782 of the Sentencing Guideline, which reduced the base offense levels for most offenses involving cocaine base. The district court denied relief because the sentence was the result of the Rule 11(c)(1)(C) agreement — not application of the Guidelines. Timmons timely appeals. We review the district court's ruling for abuse of discretion. See United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

In Freeman v. United States, 564 U.S. 522 (2011), the Supreme Court divided 4-1-4, with a plurality concluding that defendants who enter Rule 11(c)(1)(C) pleas are not categorically barred from receiving reductions under § 3582(c)(2). Id. at 526. The Court found that a defendant is eligible for a sentence reduction under § 3582(c)(2) if his sentence was "based on" a Guidelines range that had been lowered. If, in contrast, the sentence was "based

2

on" the agreement between the parties, the defendant is not eligible for a § 3582(c)(2) reduction. Id. at 533.

Justice Sotomayor concurred in the judgment. Her opinion, narrower than that of the plurality, controls. See United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011). She concluded that a defendant who pleads guilty in accordance with Rule 11(c)(1)(C) can demonstrate that his sentence was "based on" a Guidelines range if: the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines range;" or the plea agreement (1) "provide[s] for a specific term of imprisonment" and (2) "make[s] clear that the basis for the specified term is a Guidelines range applicable to the offense" of conviction provided that "the sentencing range is evident from the agreement itself." Freeman v. United States, 564 U.S. at 539 (Sotomayor, J., concurring).

With these principles in mind, we affirm the district court's denial of Timmons' motion. Timmons' plea agreement stated: "If the Defendant complies with all terms of this Agreement, both parties agree that . . . the appropriate disposition of this case (irrespective of any fines and forfeitures) is a sentence of 87 months, followed by the appropriate statutory term of supervised release." The agreement neither required sentencing within a particular Guidelines range nor stated that the basis for the

3

specified term was a Guidelines range.  Indeed, no Guidelines sentencing range is mentioned in the agreement.

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED