**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4716**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH DARNELL GRAY, a/k/a Killa,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:12-cr-00188-FDW-DSC-14)

Submitted:  February 27, 2014      Decided:  March 4, 2014

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Darnell Gray pled guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to conspiracy to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d) (2012), and conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5) (2012). The district court imposed the 180-month sentence specified in the plea agreement. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Gray's plea was knowing and voluntary. Gray was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Gray did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Gray] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Gray satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or

2

public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court fully complied with Rule 11 in accepting Gray's guilty plea, which Gray entered knowingly and voluntarily. We therefore affirm Gray's convictions.

Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to Rule 11(c)(1)(C), may not appeal that sentence. 18 U.S.C. § 3742(a) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). In this case, the district court imposed the specified sentence, which did not exceed the statutory maximum. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). We therefore dismiss Gray's appeal of his sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review. If Gray requests that a petition be filed, but

3

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Gray.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>