**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4334**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELLISON LAKELL COOPER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge. (4:12-cr-00520-TLW-1)

_____

Submitted: February 26, 2014          Decided: March 12, 2014

_____

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Tracey C. Green, WILLOUGHBY & HOEFER, P.A., Columbia, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ellison Lakell Cooper appeals his conviction and 300-month sentence imposed following his guilty plea, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). Cooper's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Rule 11 at Cooper's change of plea hearing, whether the district court erroneously denied Cooper's final motion to substitute counsel, whether the sentence may be challenged on appeal, and whether plea counsel was ineffective. Cooper filed a pro se supplemental brief arguing that plea counsel and appellate counsel were ineffective. The Government has declined to file a response brief. Following a careful review of the record, we affirm in part and dismiss in part.

Prior to accepting a guilty plea, the district court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P.

11(b)(1); see United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court must also ensure that the defendant's plea is voluntary, is supported by a sufficient factual basis, and is not the result of force or threats. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 116, 119-20. Upon review of the record, we conclude that the district court complied with Rule 11's requirements.

Cooper and counsel next challenge the district court's denial of the motion to substitute counsel. We review this ruling for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). While a criminal defendant has a right to counsel of his own choosing, that right is not absolute. Powell v. Alabama, 287 U.S. 45, 52-53 (1932); Sampley v. Attorney Gen. of N.C., 786 F.2d 610, 612 (4th Cir. 1986). In particular, a defendant's right to choose his own counsel is limited so as not to deprive a court of its "inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) ("[A] trial court[] [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar." (citations omitted)). Our review of the record leads us to conclude that the district court did not abuse its discretion when it denied Cooper's final request for new

3

counsel. Among other factors considered by the district court we note that communication had not completely broken down between Cooper and counsel and that the motion was filed a mere two weeks before sentencing.

Turning to Cooper's sentence, we note that Cooper and the Government stipulated to a sentence as provided by Fed. R. Crim. P. 11(c)(1)(C). Pursuant to 18 U.S.C. § 3742(a), (c) (2012), "[w]here a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005) (citations omitted). Here, the district court imposed the specific sentence to which Cooper agreed, and the sentence did not exceed the statutory maximum for either conviction. Moreover, it could not have been imposed as a result of an incorrect application of the Guidelines because it was based on the parties' Rule 11(c)(1)(C) agreement and not on the district court's calculation of the Guidelines range. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). We therefore dismiss Cooper's appeal to the extent that he challenges the stipulated sentence.

4

Finally, Cooper and counsel question whether plea counsel was ineffective. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that Cooper has failed to demonstrate that ineffective assistance of counsel conclusively appears on the record. We therefore decline to address this argument on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cooper's conviction and dismiss the appeal to the extent Cooper challenges his sentence.

This court requires that counsel inform Cooper, in writing, of the right to petition the Supreme Court of the United States for further review. If Cooper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cooper.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>