**ON REHEARING**
**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-4387

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

HUBERT DOWNER, a/k/a Doc,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:11-cr-00050-WDQ-2)

_____

Submitted: December 26, 2013   Decided: March 19, 2014

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Paresh S. Patel, Appellate Attorney, Greenbelt, Maryland, for Appellant. Peter Marshall Nothstein, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hubert Thompson Downer pled guilty, pursuant to a written plea agreement, to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (2012). The parties agreed that a sentence of between 180 and 300 months in prison was the appropriate disposition of the case, and the district court sentenced Downer to 240 months' imprisonment, at the mid-point of the stipulated range.

Downer appeals.[1] Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal. Counsel concedes that Downer waived his right to appeal. Downer filed a supplemental brief challenging the voluntariness of his plea and the reasonableness of his sentence and raising a claim of ineffective assistance of counsel.[2] The Government has moved to dismiss Downer's appeal based on his waiver of appellate rights. We dismiss in part and affirm in part.

---

[1] After our initial opinion issued, Downer filed a petition for panel rehearing and a pro se supplemental brief. We grant the petition for panel rehearing and consider the claims Downer raises in his pro se brief.

[2] We decline to review Downer's ineffective assistance of counsel claim because it does not conclusively appear from the record that defense counsel provided inadequate representation. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard).

In the absence of circumstances not present here, when a defendant agrees to and receives a particular sentence, he generally may not appeal his sentence. 18 U.S.C. § 3742(a), (c) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). Here, the district court imposed a sentence within the specific range to which Downer agreed, and the sentence did not exceed the statutory maximum. Moreover, it was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Additionally, Downer waived his right to appeal any issues regarding his sentence. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We therefore grant the Government's motion to dismiss Downer's appeal to the extent that he challenges his sentence.

To the extent Downer asserts that he did not knowingly and voluntarily enter his plea, we conclude that the record belies his claim. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Downer's conviction, grant the

3

Government's motion to dismiss the appeal of the sentence and dismiss the appeal of the sentence. Additionally, we deny as moot the Government's motion to stay the briefing schedule.

This court requires that counsel inform Downer, in writing, of the right to petition the Supreme Court of the United States for further review. If Downer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Downer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART