**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4957**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

AKEEMA KHIRY PRINGLE, a/k/a Keem,

  Defendant - Appellant.

**No. 14-4027**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

OTIS SAMUEL, JR., a/k/a O,

  Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-00321-RBH-2; 4:13-cr-00321-RBH-1)

Submitted:  June 26, 2014          Decided:  July 15, 2014

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

No. 13-4957 affirmed and No. 14-4027 affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, P.A., Florence, South Carolina; William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellants.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to their written plea agreements, Akeema Khiry Pringle and Otis Samuel, Jr., (collectively, "Defendants"), pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 280 grams or more of crack cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012) and 21 U.S.C. § 846 (2012). While Pringle entered into a "standard" plea agreement, Samuel, by contrast, negotiated an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties stipulated that a 180-month term of imprisonment was appropriate.

Pringle received both a downward departure for his substantial assistance, see U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2012), and a downward variance, which resulted in a 156-month sentence — well below Pringle's career offender Guidelines range of 262-327 months' imprisonment. In Samuel's case, the district court accepted the sentencing stipulation, awarded a USSG § 5K1.1 substantial assistance reduction, and sentenced Samuel to 121 months' imprisonment. These appeals timely followed.

Defendants' attorneys have filed a consolidated brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious appellate issues but seeking review of Defendants' convictions and Pringle's sentence.

3

Counsel for Samuel notes that we lack jurisdiction to review Samuel's sentence because it was the result of a Rule 11(c)(1)(C) plea agreement. Although Samuel filed a pro se supplemental brief challenging the factual basis for the drug quantity attributed to him for sentencing purposes, he has moved to withdraw his brief. Pringle likewise was advised of his right to file a pro se supplemental brief, but has declined to do so. The Government has not filed a response.

For the reasons that follow, we affirm the criminal judgment in Pringle's case (Appeal No. 13-4957), and affirm in part the criminal judgment in Samuel's case (Appeal No. 14-4027). Specifically, we affirm Samuel's conviction, but dismiss Samuel's appeal of his sentence for lack of jurisdiction. Further, we grant Samuel's motion to withdraw his pro se supplemental brief.

Because neither Pringle nor Samuel moved in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Defendants must establish that an error occurred, that this error was plain, and that it affected their substantial rights. United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). Our review of the records establishes that the district court complied with the mandates of Rule 11, ensuring that

4

Defendants' guilty pleas were knowing and voluntary and supported by an independent basis in fact. We therefore affirm Defendants' convictions.

We review Pringle's below-Guidelines sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the defendant's advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–51; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We have thoroughly reviewed the record and conclude that Pringle's sentence is both procedurally and substantively reasonable. We find no error in the district court's computation of Pringle's Guidelines range, including the career offender designation, the opportunities the court provided

5

Pringle and his counsel to speak in mitigation, or the court's explanation of the sentence imposed by reference to the relevant § 3553(a) factors. See United States v. Chandia, 675 F.3d 329, 341-42 (4th Cir. 2012) (recognizing that a sentencing court is "not required to provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection, particularly when imposing a below-Guidelines sentence" (internal quotation marks and alteration omitted)). Finally, Pringle's below-Guidelines sentence is presumptively substantively reasonable, see United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and we discern no basis in the record to overcome this presumption.

Finally, we agree with counsel for Samuel that we lack jurisdiction to review Samuel's sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of these exceptions apply here. Samuel's sentence was less than the applicable statutory maximum of life imprisonment and, due to the downward departure, was less than the sentence that he had

6

bargained for with the Government. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement — not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, we conclude that review of Samuel's sentence is precluded by § 3742(c).

In accordance with Anders, we have reviewed the records in these cases and have found no meritorious issues for appeal. We therefore affirm the criminal judgment against Pringle and affirm Samuel's conviction, but dismiss the appeal of Samuel's sentence. Finally, we grant Samuel's motion to withdraw his pro se supplemental brief. This Court requires that counsel inform their clients, in writing, of the right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented

7

in the materials before this court and argument would not aid the decisional process.

No. 13-4957 <u>AFFIRMED</u>

No. 14-4027 <u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>