**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4717**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY LAMONTT SMITH, a/k/a Marion Alexander Smith, Jr., a/k/a
Jermaine Arcel Turner, a/k/a G, a/k/a Black,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, Senior
District Judge. (2:11-cr-00472-PMD-1)

---

Submitted: July 24, 2014          Decided: July 28, 2014

---

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

---

Affirmed in part, dismissed in part, and remanded by unpublished
per curiam opinion.

---

Janis Richardson Hall, Greenville, South Carolina, for
Appellant. Sean Kittrell, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lamontt Smith pled guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2012). The district court imposed the 228-month sentence specified in the plea agreement. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Smith's plea was knowing and voluntary. Smith was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Smith did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Smith] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Smith satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the record

2

leads us to conclude that the district court substantially complied with Rule 11 in accepting Smith's guilty plea, which Smith entered knowingly and voluntarily. We therefore affirm Smith's conviction.

Subject to narrow exceptions, a defendant who agrees to and receives a particular sentence pursuant to Rule 11(c)(1)(C), may not appeal that sentence. 18 U.S.C. § 3742(a) (2012); United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). In this case, the district court imposed the specified sentence, which did not exceed the statutory maximum. Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement and not on the district court's calculation of the Guidelines. United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). We therefore dismiss Smith's appeal of his sentence.

Accordingly, we affirm the judgment of the district court with respect to Smith's conviction and we dismiss the appeal with respect to Smith's sentence. We remand to the district court with instructions to correct the judgment, pursuant to Fed. R. Crim. P. 36, to reflect that the statute of conviction is 21 U.S.C. § 846 (2012).

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED</u>