<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4156**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OMAR PHILLIPS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-00314-RBH-1)

Submitted:  September 18, 2014        Decided:  September 29, 2014

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Kimberly H. Albro, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina; Stanley D. Ragsdale, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to his written plea agreement, Omar Phillips pled guilty to conspiracy to distribute 28 grams or more of crack cocaine and 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012) and 21 U.S.C. § 846 (2012). Phillips had negotiated an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties stipulated that a 188-month sentence was appropriate. After reviewing the presentence report, the court accepted the plea and imposed the stipulated sentence. This appeal timely followed.

Phillips' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious appellate issues but seeking review of the conviction and sentence. Counsel notes, in the alternative, that we lack jurisdiction to review Phillips' sentence because it was the result of a Rule 11(c)(1)(C) plea agreement. Although advised of his right to do so, Phillips has not filed a supplemental brief. The Government has not filed a response. Finding no error, we affirm in part and dismiss in part.

Where, as here, a defendant has not moved to withdraw his guilty plea, we review his plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Phillips must establish that an error occurred, this error was plain, and that it affected his

2

substantial rights.  United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009).  Our review of the record confirms that the district court fully complied with the mandates of Fed. R. Crim. P. 11, ensuring that Phillips was competent to plead guilty and that his guilty plea was knowing, voluntary, and supported by an independent basis in fact.  We therefore affirm Phillips' conviction.

Further, we agree with counsel that we lack jurisdiction to review Phillips' sentence.  As the Tenth Circuit has explained, the federal statute governing appellate review of a sentence, see 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement."  United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005).  None of these exceptions apply here. Phillips' sentence was less than the applicable statutory maximum of forty years' imprisonment, see 21 U.S.C. § 841(b)(1)(B), and was precisely what he and the Government agreed was appropriate.  Moreover, the sentence was not imposed as a result of an incorrect application of the Sentencing Guidelines because it was based on the parties' agreement — not

3

on the district court's calculation of the Guidelines. <u>See</u> <u>United States v. Brown</u>, 653 F.3d 337, 339-40 (4th Cir. 2011); <u>United States v. Cieslowski</u>, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, review of Phillips' sentence is precluded by § 3742(c)(1).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Phillips' conviction and dismiss this appeal as to his sentence. We deny Phillips' motion for the preparation of transcripts at Government expense. This court requires that counsel inform Phillips, in writing, of his right to petition the Supreme Court of the United States for further review. If Phillips requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4