**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7107**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MICHAEL DARNELL BOSWELL,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:13-cr-00606-JFM-1)

Submitted:  April 23, 2015          Decided:  April 27, 2015

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

William A. Mitchell, Jr., Brennan McKenna Chartered, Greenbelt,
Maryland, for Appellant.   Ayn Brigoli Ducao, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Darnell Boswell pled guilty pursuant to a plea agreement to interstate transportation for prostitution, in violation of 18 U.S.C. §§ 2, 2421 (2012). The parties stipulated in the plea agreement to a 46-month sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted Boswell's guilty plea pursuant to the plea agreement and sentenced him to 46 months' imprisonment.

On appeal, Boswell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the validity of the appellate waiver in Boswell's plea agreement, the application of certain Guidelines enhancements, and the adequacy of the district court's consideration of the 18 U.S.C. § 3553(a) (2012) factors. Boswell has filed a pro se supplemental brief raising similar challenges as well as several claims of ineffective assistance of counsel. The Government declined to file a response. We affirm in part and dismiss in part.

Where, as here, a defendant has not moved in the district court to withdraw his guilty plea, we review his plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Boswell must establish "that an error occurred, that the error was plain, and that the error affected his substantial rights."

2

United States v. Heyer, 740 F.3d 284, 290 (4th Cir. 2014). Our review of the record confirms that the district court complied with the mandates of Rule 11, ensuring that Boswell was competent to plead guilty and that his guilty plea was knowing, voluntary, and supported by an independent basis in fact. We therefore affirm Boswell's convictions.[*]

Further, we conclude that we lack jurisdiction to review Boswell's sentence. The federal statute governing appellate review of a sentence, see 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a stipulated sentence in a Rule 11(c)(1)(C) plea agreement to claims that his sentence was imposed in violation of the law or as a result of an erroneous application of the Guidelines, or that it exceeds the sentence set forth in the plea agreement. United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of the exceptions apply here. Boswell's sentence was less than the applicable statutory maximum and the sentence was not imposed as a result of an incorrect application of the

---

[*] We need not address Boswell's challenge to the appellate waiver, as the Government has not sought to enforce the waiver, and we decline to enforce appellate waivers sua sponte. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); see also United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that, in Anders appeal with appellate waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

Sentencing Guidelines because it was based on the parties' agreement—not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Finally, 46 months is the exact sentence set forth in the plea agreement. Accordingly, review of Boswell's sentence is precluded by § 3742(c)(1).

In accordance with Anders, we have reviewed the remainder of the record in this case and Boswell's supplemental brief and have found no meritorious issues for appeal. We decline to reach Boswell's ineffective assistance of counsel claims in this appeal. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude these claims should be raised, if at all, in a § 2255 motion.

We therefore affirm Boswell's conviction and dismiss the appeal of his sentence. This court requires that counsel inform

4

Boswell, in writing, of the right to petition the Supreme Court of the United States for further review. If Boswell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boswell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART