**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4199**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

KEVIN BROWN, a/k/a KB,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:13-cr-00842-RBH-4)

─────────────

Submitted:  August 27, 2015          Decided:  September 9, 2015

─────────────

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────────

Amy K. Raffaldt, Myrtle Beach, South Carolina, for Appellant.
Arthur Bradley Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Brown pleaded guilty, pursuant to a written plea agreement, to conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Brown and the Government negotiated a Fed. R. Crim. P. 11(c)(1)(C) agreement, stipulating that a 108-month sentence would be appropriate. The district court accepted the plea and imposed the stipulated sentence. In accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), Brown's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning the validity of Brown's guilty plea, appellate waiver, and sentence. Although notified of his right to do so, Brown has not filed a supplemental brief. We affirm the district court's judgment in part and dismiss the appeal in part.

We first review Brown's guilty plea. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); <u>United States v. DeFusco</u>, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary,

2

supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20.

Because Brown did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error, United States v. General, 278 F.3d 389, 393 (4th Cir. 2002), and conclude that the district court fully complied with Rule 11 in accepting Brown's guilty plea during a thorough hearing.

We next consider Brown's appellate waiver. A defendant may waive his appellate rights, and this court "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

We review de novo the validity of an appellate waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record establishes that Brown knowingly and intelligently waived his right to appeal. During the thorough plea colloquy, Brown confirmed that he reviewed the plea

3

agreement, which clearly stated that he waived his right to appeal. Moreover, Brown specifically affirmed that he waived his right to appeal. Consequently, Brown's appellate waiver stands.

Finally, while Brown's counsel questions the district's court sentence, federal law limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement. See 18 U.S.C. § 3742(a), (c) (2012). Specifically, § 3742 limits appeal to claims that a defendant's sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005).

Counsel raises no such claims on appeal; rather, she questions whether the district court wrongly adjudged Brown a career offender and whether the district court imposed an unreasonable sentence. Brown's sentence was based on the parties' agreement — not on the district court's career offender designation or calculation of the Guidelines range. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Thus, to the extent he challenges the appropriateness of the district

4

court's 108-month term of imprisonment, we dismiss Brown's appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's conviction but dismiss Brown's appeal as to his sentence of imprisonment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>