**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4649**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DAMIEN TRAVIS BODDY,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   George J. Hazel, District Judge. (8:14-cr-00528-GJH-1)

Submitted:  March 6, 2017          Decided:  March 14, 2017

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia, for Appellant.  Michael Thomas Packard, Assistant United States Attorney, Erin Baxter Pulice, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland; Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Damien Travis Boddy pled guilty to possession of a firearm not registered to him in the National Firearms Registration and Transfer Record, 26 U.S.C. § 5861(d) (2012) (Count One), and transportation of explosive materials with the intent to kill, injure, or intimidate, 18 U.S.C. § 844(d) (2012) (Count Two). In the negotiated plea agreement, the parties stipulated, in accordance with Fed. R. Crim. P. 11(c)(1)(C), that a sentence of 120-240 months was appropriate. After reviewing the presentence investigation report, the district court accepted the plea and sentenced Boddy to 24 months on Count One and 120 months, consecutive, on Count Two.

Boddy appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (19676), raising two issues but concluding that there are no meritorious issues for appeal. Boddy was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm in part and dismiss in part.

With respect to the convictions, our review of the Fed. R. Crim. P. 11 hearing transcript confirms that the district court fully complied with the Rule. Further, Boddy's guilty plea was knowingly and voluntarily entered and supported by an independent basis in fact. We therefore affirm his convictions.

2

We hold that we lack jurisdiction to review the sentence. As the Tenth Circuit has explained, 18 U.S.C. § 3742(c) (2012) limits the circumstances under which a defendant may appeal a sentence to which he stipulated pursuant to Rule 11(c)(1)(C). United States v. Calderon, 428 F.3d 928, 932 (10th Cir. 2005). None of those circumstances are present in Boddy's case. His sentence was less than the statutory maximums, see 18 U.S.C. § 844(d), 26 U.S.C. § 5671 (2012), and fell within the range set forth in the plea agreement. Moreover, the sentence was not imposed as a result of an incorrect application of the sentencing Guidelines because it was based on the parties' agreement -- not on the district court's calculation of the Guidelines. See United States v. Brown, 653 F.3d 337, 339-40 (4th Cir. 2011); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Accordingly, review of Boddy's sentence is precluded, and we dismiss this portion of the appeal.

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm in part and dismiss in part. This court requires that counsel inform Boddy, in writing, of the right to petition the Supreme Court of the United States for further review. If Boddy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

3

motion must state that a copy thereof was served on Boddy.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4