**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4314**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMELL LAMON CURETON, a/k/a Assassin,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:14-cr-00229-MOC-1)

Submitted:  January 26, 2018                Decided:  February 12, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Jamell Lamon Cureton pled guilty to: RICO conspiracy, 18 U.S.C. § 1962(d) (2012) (Count One);[1] three counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1) (2012) (Counts Two, Seven, and Nine), three counts of using or carrying a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence resulting in death, 18 U.S.C. §§ 924(c), 924(j)(1) (2012) (Counts Three, Eight, Ten); Hobbs Act robbery, 18 U.S.C. § 1951 (2012) (Count Four); assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3) (2012) (Count Five); and using or carrying a firearm in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c) (Count Six). Cureton was sentenced to life in prison on Counts One, Two, Seven and Nine and to 240 months on Counts Four and Five, to run concurrently. He was sentenced to life in prison on the remaining counts, to run consecutively to each other and to the concurrent sentence.

Cureton appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Cureton was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm in part and dismiss in part.

---

[1] The counts were charged in a third superseding indictment.

2

## I

Cureton first claims that the district court did not comply with Fed. R. Crim. P. 11. At the Rule 11 hearing, Cureton informed the court that he was not under the influence of alcohol or drugs of any kind. His mind was clear. He understood the nature of the proceeding. Cureton admitted that he was guilty of the offenses and that his plea was not the result of threats, force, intimidation or promises other than those contained in the plea agreement, which he had read, discussed with counsel, and understood. He expressed satisfaction with his attorney's services.

Cureton stated that both the Factual Basis and the Government's summary of the plea agreement were accurate. Our review of the Rule 11 transcript discloses substantial compliance with Rule 11. Although the district court did not mention its obligation to impose a special assessment, *see* Fed. R. Crim. P. 11(b)(1)(L), Cureton did not move to withdraw his guilty plea because of this omission. Accordingly, our review is for plain error. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). Because there is no chance that, but for this error, Cureton would have gone to trial and faced the possibility of multiple death sentences, the error was not plain.

We conclude that the record fully supports the district court's determination that the plea was knowingly and voluntarily entered and that a factual basis for the plea existed. We therefore affirm the convictions.

## II

Cureton also contends that his sentence was unreasonable. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the plea agreement specified that, as to Counts One-Three and

3

Six-Ten, Cureton would receive a sentence of life in prison. "Where a defendant agrees to and receives a specific sentence [pursuant to a Rule 11(c)(1)(C) agreement], he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." *United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005). "Otherwise, the [c]ourt lacks jurisdiction over the appeal." *Id.*

With respect to the life sentences on Counts One-Three and Six-Ten, Cureton satisfies none of the exceptions. First, the sentences were not imposed in violation of law, as he was sentenced within the maximum for each offense. Nor are the sentences the result of an incorrect application of the Guidelines; indeed, a Rule 11(c)(1)(C) sentence is predicated on "the agreement itself, not on the judge's calculation of the Sentencing Guidelines[,]" *Freeman v. United States*, 564 U.S. 522, 534 (2011) (Sotomayor, J., concurring), except when the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." *Id.* at 539; *see also United States v. Brown*, 653 F.3d 337, 339-40 (4th Cir. 2011) (applying *Freeman*). This is not the case here, where the stipulated term of imprisonment (life on each count) was not based on Cureton's Guidelines range.[2] Finally, he received exactly the sentence—life—set forth in the plea agreement. Because none of the exceptions applies with respect to the eight counts, we are without

---

[2] The plea agreement stated, "Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the defendant will be sentenced to a term of life imprisonment without the possibility of parole for Counts One, Two, Three, Six, Seven, Eight, Nine, and Ten."

4

jurisdiction to review Cureton's sentence on those counts. Accordingly, we dismiss the appeal of this portion of the sentence.

The plea agreement is silent as to the sentence on Counts Four and Five. Accordingly, appellate review of Cureton's sentence on these counts is not waived, and our analysis proceeds under the framework of *Gall v. United States*, 552 U.S. 38 (2007).

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010); *see also Gall*, 552 U.S. at 51; *Rita v. United States*, 551 U.S. 338, 350 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*; *see United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). This court first decides whether the district court correctly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 575-76; *see United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

With respect to the explanation of the sentence, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *Id.* (internal quotation marks omitted); *see Gall*, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case and [be] adequate to permit meaningful appellate review." *Carter*, 564 F.3d at 330 (internal quotation marks omitted).

5

If we conclude that a sentence is free of significant procedural error, we then consider the substantive reasonableness of the sentence. *Lynn*, 592 F.3d at 575. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2012).

A sentence within the correctly calculated Guidelines range is presumptively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The burden rests with the defendant to rebut the presumption by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the sentence on Counts Four and Five was procedurally and substantively reasonable. Cureton was sentenced within his Guidelines range of twenty years on each count. The court considered the arguments of counsel and the statutory sentencing factors and provided a sufficiently individualized explanation of the chosen sentence.[3] Cureton did not meet his burden of demonstrating that the presumptively

---

[3] In imposing sentence, the court noted that this was a "very, very serious matter." The court commented that two of the murders with which Cureton was directly involved were carried out in an effort to prevent the victims from testifying against him at a state trial for robbery and other offenses; it was this robbery that gave rise to the charges in Counts Four and Five. The court stated that it had considered the § 3553(a) factors and that the sentence was necessary "to promote respect for the law, provide just punishment . . ., protect the public . . . , and [to deter others]."

reasonable, within-Guidelines sentence is unreasonable when measured against the statutory sentencing factors.

## III

While awaiting trial, the Attorney General imposed Special Administrative Measures (SAMs), highly restrictive and extensive conditions of confinement, on Cureton because of a substantial risk that his communications or contacts with persons could result in death or serious bodily injury to others. The district court denied Cureton's motion to modify or remove the SAMs. On appeal, Cureton questions whether the district court erred in denying the motion.

In *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008), the defendant argued that the SAMs imposed on him constituted an improper additional sentence. We determined that we were without "jurisdiction to consider this claim. Federal regulations prescribe a mechanism by which inmates may appeal SAMs . . . and . . . the defendant has not yet taken advantage of this mechanism. . . . The defendant must exhaust his administrative remedies before challenging the SAMs in federal court." *Id.* at 243-44. As in *Abu Ali*, there has been no administrative exhaustion. We conclude that we are without jurisdiction to entertain Cureton's challenge to the SAMs.

## IV

We accordingly affirm in part and dismiss in part. In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform Cureton, in writing, of the right to petition the Supreme Court of the United States for further review. If Cureton requests that a petition be filed,

7

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cureton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

8